United States District Court
Middle District of North Carolina
Case No. 1:22-cv-00186

| | |
|---|---|
| Rebecca Pifer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Lincoln Life Assurance Company of Boston, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

### Joint Rule 26(f) Conference Report

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1(b), and the Court's Notice dated May 25, 2022, Andrew Whiteman for plaintiff and Kyle Dillard for defendant conferred by e-mail and agreed to the contents of this Joint Rule 26(f) Conference Report. The parties submit for the Court's consideration the following information and proposal regarding discovery and scheduling:

A.   Discovery Plan

1.   Case Plan.

Pursuant to Local Rule 26.1(a), the parties agree that the appropriate plan for this case, with any stipulated modifications by the parties as set forth below, is "standard."

2.   Pre-Discovery Disclosures

This matter involves a claim for employee benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and, therefore, is exempt from initial disclosures pursuant to Rule 26(a)(1)(B)(i). On or before July 15, 2022, defendant will serve on plaintiff a copy of

what it contends are (1) the record before defendant at the time it made its final decision on plaintiff's claim for long-term disability benefits, and (2) the plan documents under which plaintiff's claim was determined. Upon receipt, plaintiff may notify defendant of any disagreement regarding the contents of defendant's production.

### 3. Scope of Discovery

The parties agree that discovery will be needed only to identify the administrative record and the applicable plan documents. If plaintiff has any disagreement with the contents of the administrative record and plan documents served by defendant and the parties cannot resolve such disagreement, and plaintiff believes that discovery is necessary, any dispute concerning the scope of such discovery will be resolved by the Court.

### 4. Commencement of Discovery

Discovery shall not commence until after defendant produces the administrative record and plan documents. *See* section A.3.

### 5. Limit on Interrogatories

Subject to section A.3 above, the parties agree to the limit on interrogatories contained in Fed. R. Civ. P. 33(a)(1).

### 6. Depositions

Subject to section A3 above, the parties do not expect that they will need to take any depositions. Either party may request the Court to grant permission to take depositions.

2

7.    Expert Witnesses

The parties do not anticipate that they will designate any expert witnesses.

8.    Supplementation

Supplementation under Rule 26(e) will be due promptly upon receipt of information by the party or counsel.

9.    Electronic Discovery

There are no special issues relating to disclosure or discovery of electronically-stored information. The parties will make reasonable efforts to ensure that their document productions include all relevant and discoverable electronically-stored information.

10.    Privilege Claims

The parties are unaware at this time of any special issues relating to claims of privileged material.

B.    Proposed Deadlines

1.    Amendment of Pleadings or Joinder of Parties

The parties shall have through August 31, 2022 to move to amend their pleadings or to join additional parties.

2.    Completion of Discovery

Any discovery will be completed by September 30, 2022.

3.    Dispositive Motions

This case will likely be properly resolved by the Court on cross-motions for summary judgment.  Any dispositive motions will be filed by October 31, 2022.

C.    Mediation

This case is automatically designated by the Court for a mediated settlement conference pursuant to Local Rule 16.4(b). The parties selected Calvin B. Bennett to serve as mediator and Mr. Bennett has agreed to serve. The settlement conference will occur before the close of discovery at a time and place designated by the mediator in consultation with the parties.

D.    Special Procedures

The parties do not consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

E.    Other Matters

1.    Informal Consent to Extensions of Time

The parties may agree informally to extend the time for responding to discovery requests, without having to file a motion with the Court, provided that the parties may not, without Court approval, extend the time for completing discovery beyond the date for completion of discovery ordered by the Court.

2.    Trial

The parties anticipate that this case will be resolved on cross-motions for summary judgment on a stipulated record and no trial will be necessary or proper. However, if the Court determines that a trial is required, the case should be ready for trial 60 days after the Court rules on the cross-motions for summary judgment, and the trial should take no more than one day. The parties agree that the time for pretrial disclosures set forth in Rule 26(a)(3)(B) will be applicable.

4

### 3. Rules for Document Productions

The administrative record and applicable plan documents will be produced in searchable .pdf format and labeled with an identifying prefix and sequential numbering.

### 4. Local Rule 5.4 and 5.5 Statement Regarding Filing Under Seal

Pursuant to Local Rule 5.5, the parties jointly report that the parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

The parties certify that if any documents will be filed under seal, the parties agree to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

May 31, 2022  
Date

/s/ Andrew Whiteman  
Andrew Whiteman  
N.C. State Bar number 9523

5

Whiteman Law Firm
5400 Glenwood Ave., Suite 225
Raleigh, North Carolina 27612
919-571-8300 (Telephone)
919-571-1004 (Facsimile)
aow@whiteman-law.com

*Attorney for plaintiff*

May 31, 2022
Date

/s/ Vanessa N. Garrido
Vanessa N. Garrido (N.C. Bar No. 53470)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8529 Six Forks Road Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919-789-3194
Facsimile: 919-783-9412
Email: vanessa.garrido@ogletree.com

W. Kyle Dillard *by Special Appearance*
S.C. State Bar number 69408
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
200 North Main Street, Suite 500
Greenville, SC 29601
Telephone: 865-240-8317
Facsimile: 865-235-8806
E-mail: kyle.dillard@ogletree.com

*Attorneys for defendant*

6

<u>Certificate of Service</u>

The undersigned hereby certifies that a copy of the foregoing was filed

electronically with the United States District Court for the Middle District of North

Carolina, with notice of case activity to be generated and sent electronically to the

following attorney of record registered to receive such service:

W. Kyle Dillard
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
300 North Main Street, Suite 500
Greenville, SC 29601
kyle.dillard@ogletree.com

Vanessa N. Garrido
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, NC 27615
vanessa.garrido@ogletree.com

*Attorneys for Defendant*


May 31, 2022                                        /s/ Andrew Whiteman
Date                                               Andrew Whiteman
                                                   N.C. State Bar number 9523
                                                   Whiteman Law Firm
                                                   Attorney for Plaintiff
                                                   5400 Glenwood Avenue, Suite 225
                                                   Raleigh, North Carolina 27612
                                                   (919) 571-8300 (Telephone)
                                                   (919) 571-1004 (Facsimile)
                                                   aow@whiteman-law.com

7