IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REBECCA PIFER,                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )       1:22-cv-186
                                    )
LINCOLN LIFE ASSURANCE              )
COMPANY OF BOSTON,                  )
                                    )
            Defendant.              )

## ORDER

On October 31, 2022, Defendant Lincoln Life Insurance
Company of Boston filed a Motion for Extension of Time,
(Doc. 25), requesting until November 30, 2022, to respond to
Plaintiff's motion for summary judgment, (Doc. 20). Plaintiff
consents to the extension of time. (Doc. 25 at 3.) On November
14, 2022, Defendant filed an Expedited Motion for Ruling on
Consent Motion for Extension of Time. (Doc. 26.) Defendant
recites in that motion that "[o]n October 31, 2022, the Court
entered a "Docket Text" stating the Consent Motion for Extension
of Time was submitted to the Honorable Judge Osteen, Jr." and
"[a]s of the date of this filing, Defendant has not received a
ruling on its Consent Motion for Extension of Time." (Doc. 26 at
2.)

Federal Rule of Civil Procedure 6(b)(1) requires only that a motion by a party requesting an extension be made before the original time expires. It does not require the entry of an order before the original time to respond expires. Nevertheless, for the following reasons, Defendant's time to respond to Plaintiff's motion for summary judgment has not expired.

This court finds Defendant's time to respond did not expire on November 14, 2022, 21 days after Plaintiff's motion for summary judgment was filed. (See Doc. 20.) This court is not sure why the docket entry incorrectly states that a response is due by November 14, 2022, a period of only 21 days following the filing of the motion. (See Doc. Ent. 10/24/2022 Doc. 20.)

Local Rule 56.1 establishes 30 days as the time for responding to motions for summary judgment, whether a motion for summary judgment by a party requesting summary judgment on a claim or a motion for summary judgment on an opposing party's claim. See L.R. 56.1 (d), (e). Defendant's time to respond for summary judgment runs for 30 days and has not expired. Neither Plaintiff nor ECF have authority to shorten the time for Defendant to respond. Therefore, Defendant's motion for an expedited ruling, (Doc. 26), is not ripe.

Defendant's motion for expedited ruling, (Doc. 26), seems to carry an implicit suggestion that this court might summarily

- 2 -

deny the requested motion for extension of time and then reject any later-filed response by Defendant. This court writes to hopefully disabuse Defendant of that notion. This court follows the Fourth Circuit's clear preference for deciding cases on the merits as expressed in Choice Hotels Int'l Inc. v. Goodwin and Boone:

> [W]e have long adhered to the sound public policy of deciding cases on their merits, and not depriving parties of their fair day in court. This policy of deciding cases on their merits is so strong that, when a plaintiff has committed a procedural error, we will allow a district court to impose on him the harsh sanction of prejudicial dismissal, only in the extreme cases, where the plaintiff has shown a clear record of delay or has engaged in contumacious conduct. Requiring district courts to provide explicit and clear notice when they intend to dismiss the plaintiff's action with prejudice if he fails to satisfy its conditions promotes our strong preference that cases be decided on their merits. Such notice of this drastic consequence is likely to prompt most plaintiffs to act diligently in meeting these conditions, thereby averting prejudicial dismissal.

11 F.3d 469, 471-472 (4th Cir. 1993) (internal citations omitted). It is highly unlikely this court would allow the time to respond to expire and then deny a timely filed and consented-to motion for extension. Nevertheless, as explained above, Defendant's time to respond to summary judgment has not expired.

After careful review and for good cause shown, this court finds Defendant's motion for extension should be granted and

- 3 -

Defendant should be granted an extension of time to November 30, 2022 to respond to Plaintiff's motion for summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' Consent Motion to Extend the Dispositive Motion Deadline, (Doc. 25) is **GRANTED** and the deadline for filing a response to Plaintiff's motion for summary judgment is hereby extended up to and including November 30, 2022.

**IT IS FURTHER ORDERED** that Plaintiff's Expedited Motion for Ruling on Consent Motion for Extension of Time, (Doc. 26) is **DENIED.**

This the 16th day of November, 2022.

_____
United States District Judge

- 4 -