| | |
|---|---|
| Rebecca Pifer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Lincoln Life Assurance Company of Boston, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## Plaintiff's Trial Brief

Rebecca Pifer submits this trial brief pursuant to Local Rule 40.1(c).

The parties have extensively briefed their cross-motions for summary judgment, and there is no need to further address the merits of the case. This trial brief will provide Ms. Pifer's views on how a bench trial of this case should be conducted.

I.     The Parties Agree that the Evidence to be Considered by the Court is Limited to Lincoln's Claim File and Policy

The ERISA plan document is Lincoln's policy. It grants Lincoln discretionary authority to construe policy terms and to determine eligibility for benefits. (LIN000431). Therefore, the standard of review by this Court is abuse of discretion. *Helton v. AT & T Inc.*, 709 F.3d 343, 351 (4th Cir. 2013). In such cases, evidence outside of the insurer's claim file and the plan document is generally not admissible. *Sheppard & Enoch Pratt Hospital Inc. v. Travelers Insurance Co.*, 32 F.3d 120, 125 (4th Cir. 1994). There is a limited exception when evidence outside of the administrative record "is necessary to

adequately assess the *Booth* factors and the evidence was known to the plan administrator when it rendered its benefits determination." *Helton,* 709 F.3d at 356. However, in this case, there is no dispute about the contents of Lincoln's claim file or policy, *compare* the parties' Rule 26(a)(3) disclosures, DE 38 and 40, and neither party is seeking to introduce evidence outside of the record that is before the Court.

II.     Trial Procedure

Given the lack of any dispute about the evidence in the case, it seems that the trial should consist of stipulating into evidence Lincoln's claim file and policy and then proceeding to closing arguments and responding to the Court's questions.

June 16, 2023                               /s/ Andrew Whiteman
Date                                        Andrew Whiteman
                                            N.C. State Bar Number 9523
                                            Whiteman Law Firm
                                            5400 Glenwood Ave., Suite 225
                                            Raleigh, North Carolina 27612
                                            Tel: (919) 571-8300
                                            Fax: (919) 571-1004
                                            aow@whiteman-law.com

2

<u>Certificate of Service</u>

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the Middle District of North Carolina, with notice of case activity to be generated and sent electronically to the following attorneys of record registered to receive such service:

W. Kyle Dillard
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
300 North Main Street, Suite 500
Greenville, SC 29601
kyle.dillard@ogletree.com

Vanessa N. Garrido
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, NC 27615
vanessa.garrido@ogletree.com

*Attorneys for Defendant*

| | |
|---|---|
| <u>June 16, 2023</u> | <u>/s/ Andrew Whiteman</u> |
| Date | Andrew Whiteman |
| | N.C. State Bar number 9523 |
| | Whiteman Law Firm |
| | 5400 Glenwood Avenue, Suite 225 |
| | Raleigh, North Carolina 27612 |
| | (919) 571-8300 (Telephone) |
| | (919) 571-1004 (Facsimile) |
| | aow@whiteman-law.com |

3