**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:22-cv-186**

REBECCA PIFER,

      Plaintiff,

  vs.

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON,

      Defendant.

_____

**<u>DECLARATION OF NORRIS A. ADAMS, II
IN SUPPORT OF PLAINTIFF'S FEE PETITION</u>**

I, Norris A. Adams, II, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge:

1.     I am an attorney and have been asked by counsel for the Plaintiff in this matter to provide a declaration in support of Plaintiff's request to recover attorneys' fees under 29 U.S.C. § l132(g)(l).

2.     Neither I, nor my firm, have been previously involved in this litigation, have any financial interest in the outcome of this litigation, or have been compensated for providing this declaration on Plaintiff's behalf.

3.     I graduated from Campbell University in 2001 and Wake Forest University School of Law in 2004. I was admitted to practice law in North Carolina in 2004.

4.     Following law school, I served a judicial clerkship for the Honorable Stephen C. St. John, United States Bankruptcy Judge for the Eastern District of Virginia.

5.      I have been actively practicing law in North Carolina since the conclusion of my judicial clerkship in August 2005.

6.      I joined Essex Richards, P.A. as an associate in August 2005 and have been a partner since the beginning of 2010.

7.      I am admitted to practice before the Western, Middle, and Eastern District Courts of North Carolina and the United States Court of Appeals for the Fourth Circuit.

8.      My practice is almost entirely devoted to litigation and includes substantial work in the areas of general group and individual benefits litigation, including ERISA disability, health, life insurance, and pension benefit claims, breach of fiduciary duty litigation, ERISA class action litigation, appellate advocacy, and to a lesser extent general labor and employment law.

9.      I estimate that I have handled more than three hundred ERISA cases on the administrative level and consulted on countless others.

10.     PACER reflects that I have been counsel in over 150 federal cases since 2005.

11.     I have also handled in excess of a half dozen ERISA-specific cases, as well as several other non-ERISA cases, in the Fourth Circuit Court of Appeals. *See, e.g.*, *Rose v. PSA Airlines, Inc., et al*., No. 21-2207; *Carroll v. Continental Auto., Inc., et al*., No. 16-1152, 685 Fed. Appx. 272 (4th Cir. Apr. 24, 2017); *Wilkinson v. Sun Life Health and Ins. Co.,* No. 15-2105, 674 Fed. Appx. 294 (4th Cir. Jan. 5, 2017); *Cosey v. Prudential Ins. Co. of Am., et al*., No. 12-2360, 735 F.3d 161, 56 Employee Benefits Cas. (BNA) 2997 (4th Cir. Nov. 12, 2013); *Vincent v. Lucent Techs., Inc., et al*., No. 11-1048, 440 Fed. 227, 52 Empl. & L. Rel. Law 1927 (4th Cir. July 26, 2011), *reh'g en banc denied* Aug. 23, 2011.

12.     As such, I am very familiar with ERISA litigation from inception through the district trial court and appellate court levels, and the many intricacies this practice involves.

2

13. I regularly handle ERISA cases in all three North Carolina federal districts and have also handled cases in other states as well, including but not limited to Georgia, Illinois, South Carolina, Virgina, and Washington, and am very familiar with the state of ERISA litigation and attorneys' fee awards both locally and throughout the country.

14. I have lectured at continuing legal education courses and legal conferences on ERISA litigation, employee benefits, and related topics throughout the country for organizations such as the North Carolina Bar Association ("NCBA"), North Carolina Advocates for Justice ("NCAJ"), the Mecklenburg County Bar ("MCB"), the American Conference Institute ("ACI"), and others. I have also written articles, book chapters, and course materials on ERISA litigation, employee benefits, and related topics for publications such as Thompson Reuters, Aspatore Books, the ABA Tort & Trial Insurance Practice Section, ACI, NCAJ Practice Alerts, NCBA, MCB, Lawyers Mutual, and others.

15. My law firm and I have been recognized for our ERISA practice by our peers and in various publications. Each year from 2017 through 2023, we have earned a National Ranking for our ERISA Litigation practice from U.S. News & World Report's *Best Law Firms*. It is my understanding that our firm is the only such firm in the Fourth Circuit that represents primarily employees and individuals in ERISA litigation to receive a national ranking. Both my firm and I have received AV Preeminent and Distinguished ratings from Martindale-Hubbell. I have also personally been named to U.S. News & World Report's *Best Lawyers* in both ERISA Litigation and Employee Benefits (ERISA) Law each year from 2018 through 2023, North Carolina *Super Lawyers* in ERISA/Employee Benefits each year from 2014 through 2023, and in Business North Carolina's *Legal Elite* at least nine times in four different practice areas from 2010 through 2023.

3

16. My current hourly rate for representation in federal litigation on a non-contingent basis ranges from $475 per hour for single plaintiff ERISA cases up to $495 per hour for breach of fiduciary duty claims and ERISA class actions.

17. The law governing ERISA disputes is complex, constantly evolving, and requires substantial study and analysis. ERISA cases are also typically quite fact and document intensive, and require specialized legal expertise and experience. *See, e.g.*, *Vincent v. Lucent Techs., In*c., No. 3:07-cv-00240, 2011 U.S. Dist. LEXIS 123780, at *12 (W.D.N.C. Oct. 25, 2011) ("ERISA is a complex area of federal law, requiring particular skill and experience to properly perform the legal services rendered in such cases."); *Porter v. Elk Remodeling, Inc.*, No. 1:09-cv-446, 2010 U.S. Dist. LEXIS 89037, at *12 (E.D. Va. Aug. 27, 2010) ("ERISA, in particular, is a very complicated statute, and understanding its intricacies usually requires specialization in the field."); *Marks Constr. Co., Inc. v. The Huntington Nat'l Bank*, No. 1:05-CV-73, 2010 U.S. Dist. LEXIS 89186, at *29 (N.D. W.Va. Aug. 27, 2010) ("ERISA is a specialized practice area" and cases are "generally difficult, involve significant risks, require substantial expenditures of time in researching complex areas of law, and require careful research and development of factual issues."); *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05-CV-00187, 2007 U.S. Dist. LEXIS 2392, at *5-6 (M.D.N.C. Jan. 10, 2007) ("ERISA law is a highly complex and quickly-evolving area of the law. The novelty and difficulty of the questions raised tends to support the reasonableness of the requested fee award.").

18. In my experience, it is difficult for individual plaintiffs to secure able counsel who will handle ERISA claims. Indeed, ERISA cases are widely regarded as "undesirable" cases for plaintiffs' attorneys to undertake given the frequent changes to the law, the complexities of ERISA case law and regulations, the common application of a deferential standard of review, the absence

4

of cross-examination, the absence of the right to a jury trial, and the total reliance upon an insurance company or plan administrator's claim file, and the corresponding associated limited evidentiary record available in litigation. ERISA attorneys (and ultimately the federal courts) are often called upon to painstakingly parse conflicting or inconsistent facts, either without the benefit of discovery, or with limited access to discovery. As a result, it is my experience that very few attorneys in North Carolina practice in this area of the law primarily on behalf of employees.

19. In addition, ERISA cases rarely involve anything other than getting the benefits due to the participant or beneficiary. There are typically no other claims in the average ERISA matter that would entitle the plaintiff to any other measure of damages to justify the risk of contingency work. ERISA cases are thus considered "undesirable" for financial reasons, as well. Clients are often individuals who are unemployed due to their medical conditions and/or are financially compromised because of the denial or termination of their disability insurance benefits, and therefore cannot hire and pay skilled counsel on other than a contingency basis.

20. I have known Andrew Whiteman for many years and am familiar with his legal ability, his knowledge of the law, his experience in handling ERISA/employee benefits matters, and the extraordinarily high caliber of his work product. I have followed his many cases with a great deal of professional admiration. Mr. Whiteman has developed a stellar reputation in the legal community of being an excellent ERISA litigation attorney. I have the highest possible confidence in his level of professionalism and the exceptional quality of his work.

21. Based on my experience in practice in the Middle District of North Carolina and in the Fourth Circuit, as well as my knowledge of the customary prevailing hourly rates charged in this area by attorneys, I believe that the reasonable rate for a lawyer with Mr. Whiteman's experience and track record in plaintiffs' ERISA cases at the federal appellate level is at least

$500.00 to $550.00 per hour. Other attorneys I am familiar with within the Fourth Circuit and nationally charge comparable and even much higher rates.

22.     It is my belief, therefore, that the rate of $450.00 per hour sought by Mr. Whiteman in this case is exceedingly fair and reasonable, and well within the zone of the prevailing market rates for lawyers engaged in similar types of legal practice within the community for similar work based upon the specialized knowledge required in the handling of ERISA benefit disputes at the federal court level, and in particular consideration of the exceptional result obtained here.

23.     I have also reviewed Mr. Whiteman's detailed itemization of his time for this case, and I believe it fairly and accurately represents his time in this case and is reasonable considering the work required to prosecute this civil action.

24.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2023 in Charlotte, North Carolina.


/s/Norris A. Adams, II
NORRIS A. ADAMS, II

6