United States District Court
Middle District of North Carolina
Case No. 1:22-cv-00186

| | |
|---|---|
| Rebecca Pifer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Lincoln Life Assurance Company of Boston, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF BRYAN L. TYSON

Bryan L. Tyson makes the following declaration, under penalty of perjury:

1. I am over the age of 18 and suffer from no legal disabilities. The information contained in this declaration is based upon my personal knowledge. I am providing this declaration in the case of *Pifer v. Lincoln Life Assurance Company of Boston*, Case No. 1:22-cv-00186-WO-JLW (M.D.N.C.).

2. I graduated from the University of North Carolina at Chapel Hill with Honors in Political Science in 1993. I received my JD with Honors from the University of North Carolina at Chapel Hill School of Law in 1996. From 1996 until 2001 I actively practiced labor and employment litigation, including ERISA litigation, in Atlanta, Georgia.

3. In 2001, I returned to school to study for a masters degree in taxation with a concentration in employee benefits law, including ERISA. In 2002 I was awarded an LL.M. in Taxation with Distinction and a Certificate in Employee Benefits Law from Georgetown University Law Center.

4. After graduating from Georgetown, I practiced employee benefits law

(including ERISA litigation) in Houston, Texas for one year before moving to Charlotte, North Carolina in 2003. I joined Womble Carlyle Sandridge & Rice, PLLC in the firm's employee benefits law group, where I practiced from 2003 until 2008.

5. In 2008, I accepted a position with Kilpatrick Stockton, LLP in its Charlotte, North Carolina office in its employee benefits group. In 2010, I left Kilpatrick and started a solo practice, where I practiced almost exclusively ERISA/employee benefits and employment law. In October 2013 I joined Moretz & Skufca, PLLC and continued to focus my practice almost exclusively in ERISA/employee benefits and employment law. In September 2014, I left Moretz & Skufca, PLLC to form Marcellino & Tyson, PLLC, where I continue to practice today.

6. I am an active member in good standing of the North Carolina State Bar and Georgia State Bar. I am an inactive member in good standing of the Texas State Bar. I am admitted to practice before the Western, Middle and Eastern District Courts in North Carolina; before the Northern District Court in Georgia; and before the United States Courts of Appeals for the Fourth and Sixth Circuits.

7. My practice is almost entirely devoted to litigation and includes substantial work in the area of ERISA retirement, health and disability benefit denial claims, and general ERISA litigation.

8. I have been asked by counsel for the Plaintiff in this matter to provide a declaration in support of the Plaintiff's request to recover attorney fees under 29 U.S.C. § 1132(g)(1). I have not previously been involved in this litigation and I have no interest in its outcome.

9. Since 2002, my litigation practice has been substantially concentrated in ERISA litigation. While working at Womble Carlyle; Kilpatrick Stockton; in my solo practice; and in my

work at Moretz & Skufca and Marcellino & Tyson, I have litigated and arbitrated employee benefit claims under ERISA, including fiduciary breach claims; individual claims for health, disability and retirement plan benefits; claims based on overpayment of qualified retirement plan benefits; interpleader of competing claims for qualified retirement plan assets; and insurance coverage disputes related to employee benefit plans. I was also part of a team of attorneys who litigated a nationwide class-action fiduciary breach claim.

10. The law governing disputes such as this action is complex and requires substantial study and analysis. Because of the state of the law in North Carolina and in the Fourth Circuit, ERISA cases on behalf of plaintiffs are perceived by lawyers here as presenting a high risk of failure. Substantial work in the areas of factual investigation and analysis as well as legal research and analysis is required to litigate ERISA plan claims successfully. Due to the amount of work, the typical contingency nature of the representation, the complexity of the work, and the difficulty of winning, it has been my experience that there are few attorneys in North Carolina who will litigate disability benefits claims governed by ERISA on a contingency fee basis (which is typically the only basis on which most disabled plaintiffs are able to pursue their claims). But for the possibility of court-awarded fees, most prospective claimants under ERISA would be unable to obtain any representation at all.

11. My current hourly rate for representation in routine litigation on a non-contingent basis is $450 per hour. I am generally familiar with the hourly fees of attorneys who handle federal and ERISA litigation in North Carolina, and I believe my hourly rate is less than typical rates of what lawyers in this area with similar levels of experience charge for ERISA litigation.

12. At the time I left Womble Carlyle in 2008—fifteen years ago—my billable rate for employee benefits/ERISA work was $300 per hour for non-contingency cases. At the time I

-3-

left Kilpatrick Stockton in 2010—thirteen years ago—my billable rate for employee benefits/ERISA work was in excess of $400 per hour for non-contingency cases.

13. I am acquainted with Andy Whiteman and am familiar with his legal ability and the high caliber of his work. Mr. Whiteman is one of the premier ERISA/employee benefits attorneys in North Carolina. Mr. Whiteman is known as an extremely effective advocate for his clients. He has been recognized by former clients and his peers for his legal abilities, especially with respect to employee benefits/ERISA matters. In addition, Mr. Whiteman has been involved in many of the precedent-setting cases in the Fourth Circuit regarding various issues in ERISA litigation.

14. Based on my knowledge of attorneys' fees rates in North Carolina, the customary prevailing hourly rates charged in this area by attorneys, and my familiarity with Mr. Whiteman's legal work and abilities, I believe that a rate of $450 per hour for Mr. Whiteman's work would be fair and reasonable (although likely under market rates).

15. I have reviewed the detailed, eight-page billing records of Mr. Whiteman, including time entries through August 17, 2023, for this case. I also reviewed the docket for this case on PACER. Based on my experience, the outcome obtained, and the necessity of the work performed, I believe the time expended by Plaintiff's counsel is reasonable and potentially less than the normal amount of time that would usually be required for such a case.

16. I will be glad to provide any further information that the Court may deem desirable or helpful.

-4-

This _26th_ day of September, 2023.

I make the foregoing declaration under penalty of perjury.

_____
Bryan L. Tyson