IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:22-cv-00186-WO-JLW

| | | |
|---|---|---|
| REBECCA PIFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **LINCOLN LIFE ASSURANCE** |
| | ) | **COMPANY OF BOSTON'S** |
| LINCOLN LIFE ASSURANCE | ) | **MEMORANDUM IN OPPOSITION** |
| COMPANY OF BOSTON, | ) | **TO PLAINTIFF'S MOTION FOR** |
| | ) | **AN AWARD OF ATTORNEY'S** |
| Defendants. | ) | **FEES AND COSTS** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

NOW COMES Defendant Lincoln Life Assurance Company of Boston ("Lincoln")[1]

and files its Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees and

Costs. [D.E. 48-49].

## I. INTRODUCTION

This dispute regards attorney's fees and costs in a straightforward dispute over

ERISA benefits. In the underlying case, Plaintiff seeks long-term disability ("LTD")

benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. § 1001 *et seq*. At issue is Plaintiff's request for an $81,900.00 attorney's fee

award.

---

[1] Plaintiff incorrectly named "Lincoln Life Assurance Company of Boston." The correct
entity is "The Lincoln National Life Insurance Company."

The Court should deny Plaintiff's motion because Plaintiff has not achieved some "success on the merits" of her claim. Moreover, the discretionary factors the Court must consider weigh against any fee award. Alternatively, even assuming Plaintiff can establish eligibility for and entitlement to fees, Plaintiff's fee demand is unreasonable and must be substantially reduced because Plaintiff demonstrates dubious billing judgement. For example, Plaintiff's counsel seeks fees for non-compensable clerical tasks. Plaintiff's billing entries additionally include unrecoverable duplicative, block billed, and vague entries. Accordingly, the Court should significantly reduce the fee amount Plaintiff seeks if it determines any award is warranted.

## II.    PROCEDURAL BACKGROUND

In this ERISA disability benefits case, Plaintiff and Lincoln filed cross motions for judgment and corresponding oppositions. [D.E. 28, 32]. In moving for judgment, Plaintiff sought a finding that Lincoln must pay LTD benefits from May 18, 2021, with prejudgment interest, and that Lincoln must pay Plaintiff monthly disability income benefits after the date of judgment for so long as she remains eligible for such benefits under the terms of the policy. [D.E. 20, p. 1]. Conversely, Lincoln moved to dismiss all of Plaintiff's claims with prejudice. [D.E. 23, p. 1].

On August 14, 2023, the Court issued a Memorandum and Order. [D.E. 46]. Concluding that neither side prevailed on the merits, the Court declined to grant the relief sought by either party, instead simply remanding Plaintiff's claim to Lincoln for further review. [D.E. 46]. The Court did not find that Plan benefits are due or that Plaintiff proved

2

disability, instead determining Plaintiff failed to demonstrate bad faith or clear error compelling a long-term disability finding. [*Id.* p. 65]. The Court remanded the case to allow Lincoln the opportunity to review and receive additional evidence and make a new determination. [*Id.*].

On September 26, 2023, Plaintiff filed her Motion for Attorney's fees. [D.E. 48-49].

### III. PLAINTIFF HAS NOT ACHIEVED "SUCCESS ON THE MERITS" OF HER CLAIM AND IS NOT ELIGIBLE FOR A FEE AWARD.

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). As a threshold test, the Supreme Court requires demonstration of achievement of "some degree of success on the merits" before awarding attorney's fees. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). "Some degree of success on the merits" means more than a "trivial success on the merits" or a "purely procedural victory." *Id.* (internal quotations omitted).

Plaintiff has not achieved some success on the merits. Rather, the outcome of this case is essentially a draw. In moving for judgment, Plaintiff sought a finding that Lincoln must pay LTD benefits from May 18, 2021, to the judgment date, with prejudgment interest, and that Lincoln must pay monthly disability income benefits after the judgment date for as long as she remains eligible for such benefits under the policy's terms [D.E. 20, p. 1]. Conversely, Lincoln moved to dismiss all Plaintiff's claims with prejudice. [D.E. 23, p. 1]. The Court did not award the relief sought by either party, instead simply remanding Plaintiff's claim for further review. [D.E. 46]. While the Court criticized some elements of

the claim handling, it likewise criticized Plaintiff's refusal to cooperate with the IME and failure to provide additional information to Lincoln supporting her claim, despite Lincoln giving her numerous opportunities to do so. [D.E. 46, pp. 55-56].

Plaintiff's attempt to compare *Hardt* and the Court's ruling here does not avail. Unlike this case, there the district court "found compelling evidence that [plaintiff] is totally disabled" and declared that "it was inclined to rule in [plaintiff's] favor on her benefits claim." *Id.* at 256. (internal quotations omitted). The district court gave defendant "30 days" to "act on [plaintiff's] application"; otherwise "judgment will be issued in favor of [plaintiff]." *Id.* It was not the mere remand, but the merits finding and judicial order that made plaintiff eligible for a fee award under ERISA § 1132(g)(1). *Id. See Williams v. Metropolitan Life Ins. Co.*, 609 F.3d 609, 622 (4th Cir. 2010) (plaintiff was eligible for attorney's fees under *Hardt* due to lower court's determination that plaintiff was entitled to LTD benefits); *Rinaldi v. CCX, Inc.*, 388 Fed. App'x 290, 297 (4th Cir. 2010) (plaintiff was eligible for attorney's fees under *Hardt* "because the district court found in [plaintiff's] favor and awarded him…benefits"); *Vincent v. Lucent Technologies, Inc.*, No. 3:07–cv–00240, 2011 WL 5075650, at *1 (W.D.N.C. Oct. 25, 2011) (plaintiff achieved some success on the merits where "the Court awarded Plaintiff the substantive relief she sought, finding her eligible for continuing participation in" a pension program and reinstating her); *Jenkins v. Moses H. Cone Mem. Health Servs. Corp.*, No. 5:15–CV–34, 2015 WL 6449296, at *8-*9 (E.D.N.C. Oct. 23, 2015) (defendant's successful defense of remand motion was merely "trivial success" not warranting attorney fees).

In contrast to *Hardt*, *Williams*, *Rinaldi*, and *Vincent*, here the Court did not award benefits nor even express that it found "compelling evidence" that Plaintiff "is totally disabled." *Id.* Rather, the opposite is true, demonstrated by the Court's conclusion that "Plaintiff has not forecast evidence…compelling a finding of long-term disability." [D.E. 46, p. 65]. Nor did the Court indicate an inclination to "rule in" Plaintiff's "favor on her benefits claim." *Hardt*, 560 U.S. at 256. (internal quotations omitted). Instead, the Court explicitly refrained from "weigh[ing] each party's medical evidence." [D.E. 46, p. 63].

Moreover, unlike in *Hardt*, the Court did not decree that "judgment will be issued in favor of" Plaintiff unless Lincoln reached a decision, presumably awarding benefits, within a certain time period on remand. *Hardt*, 560 U.S. at 256 (internal quotations omitted). Instead, the Court remanded the case for the limited purpose of fully considering the materials on the record, while at the same time noting Plaintiff's refusal to cooperate with the IME and failure to provide additional information to Lincoln, despite "numerous opportunities" to do so. [D.E. 46, pp. 55-56]. In contrast to *Hardt*, this case's outcome was "purely procedural," with *neither* side prevailing on the merits due to the Court's conclusion that both parties made mistakes. *See Dickens v. Aetna Life. Ins. Co.*, No. 2:10–cv–00088, 2011 WL 1258854, at \*5-\*6 (S.D.W.Va. Mar. 28, 2011) (concluding that the grant of summary judgment to plaintiff, determination that defendant "abused its discretion in failing to address evidence relating to Plaintiff's award of disability benefits by the SSA," and order remanding the case to the LTD plan administrator was a "purely procedural victory" under *Hardt* and declining to award attorney's fees, specifically noting

that "in contrast to *Hardt*," the court "expressed no opinion as to whether Plaintiff is disabled"). Accordingly, Plaintiff cannot claim achievement of some success on the merits and therefore is not eligible for a fee award.

## IV. THE DISCRETIONARY FACTORS THAT THE COURT MUST CONSIDER WEIGH AGAINST ANY AWARD OF FEES.

Fee eligibility does not create a presumption favoring a fee award. *See Williams*, 609 F.3d at 635 (holding "even a successful party…does not enjoy a presumption in favor of an attorneys' fees award"); *see also Thornton v. Metro. Life Ins. Co.*, No. 5:05-CV-827, 2007 WL 9718468, at *1 (E.D.N.C. June 13, 2007) (concluding "there is no presumption in favor of an award of fees and costs to the prevailing party"). Rather, even assuming Plaintiff could show fee eligibility under *Hardt*'s threshold test, she must also prove entitlement to a fee award under the five-factor test articulated in *Quesinberry*, which considers:

(1) The degree of opposing parties' culpability or bad faith;

(2) The ability of opposing parties to satisfy an award of attorneys' fees;

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or resolve a significant legal question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

6

*Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993). The five-factor approach "is not a rigid test, but rather provides general guidelines for the district court in determining whether to grant a request for attorneys' fees." *Id*. Importantly, "ERISA does not require mandatory fee shifting," and an award of attorneys' fees is not "automatic." *Id.* at 1030. Instead, the court retains discretion to determine whether an award of attorney's fees is appropriate. In this case, the relevant factors weigh against a discretionary fee award.

### A.      <u>Culpability/Bad Faith.</u>

Under the first factor, "culpability and bad faith" require more than "mere negligence or error." *Carolina Care Plan Inc., v. McKenzie*, 467 F.3d 383, 390-91 (4th Cir. 2006) *abrogated on other grounds by Metro Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) (holding that the lower court "clearly erred" in concluding that "the first factor, 'culpability and bad faith,' weighed in favor of a fee award simply because the [lower] court concluded that" the "denial of coverage was 'unreasonable and …an abuse of discretion,'" and explaining that "'[c]ulpability' and 'bad faith' require more than 'mere negligence or error'") (quoting *Wheeler v. Dynamic Eng'g, Inc.*, 62 F.3d 634, 641 (4th Cir. 1995); *accord Matlock v. Pitney-Bowes, Inc.*, 811 F.Supp.2d 1186, 1190 (M.D.N.C. Sept. 14, 2011).

"Bad faith connotes serious misconduct, deliberately and intentionally engaged in, for the purpose of harming another or advancing one's self-interest." *Jenkins*, 2015 WL 6449296, at \*9. "Culpability" connotes "wrongful conduct…which is deserving of moral blame" and "involves something more than simple negligence," but culpability is *not* a mere "mistake such as misinterpretation of evidence." *Feldman's Med. Ctr. Pharmacy,*

7

*Inc. v. CareFirst, Inc.*, 898 F.Supp.2d 883, 908 (D. Md. 2012); *Shipping Ass'n-Int'l Longshoremen's Ass'n v. Ransone-Gunnell*, 781 F.Supp.2d 286, 292 (E.D.Va. Feb. 25, 2011) ("[C]ulpable conduct is commonly understood to mean conduct that is 'blameable; censurable;…at fault'") (internal quotations omitted). A finding that a defendant "abused [its] discretion is not equivalent" to a finding of bad faith or culpability. *Carolina Care Plan, Inc.*, 467 F.3d at 390; *McClaugherty v. Unum Life Ins. Co. of Am.*, No. 2:07-cv-00296, 2009 WL 10705298, at (S.D.W.Va. May 18, 2009). "To find culpability, there must be more than mere error. There must be error 'plus.'" *Feldman's Med. Ctr. Pharmacy, Inc.*, 898 F.Supp.2d at 908. "The facts must demonstrate something akin to gross negligence or willfulness or wantonness in the treatment of the ERISA claims to establish culpability." *Id.*

Here, there is simply no culpability or bad faith on Lincoln's part.[2] On the contrary, the Court specifically concluded that Plaintiff "has not forecast evidence of bad faith" or even "clear error." [D.E. 46, p. 65]. Moreover, the Court noted the "extensive back-and-forth between Defendant and Plaintiff at every step of Defendant's review of Plaintiff's claim" and pointed out that Lincoln "provided numerous opportunities [to Plaintiff] to

---

[2]By contrast, Plaintiff's conduct reveals culpability throughout the administrative process, as evidenced by Plaintiff's "fail[ure] to submit evidence to refute Defendant's conclusions," refusal to undergo an IME even though Lincoln "provided Plaintiff with the opportunity to select a medical provider to conduct an IME," and failure to provide additional information to Lincoln and have her physicians respond to Dr. Vincent's report despite "numerous opportunities…to do so." [D.E. 46, pp. 53, 55-56].

8

provide additional information to Defendant" but that "Plaintiff failed to do so." [D.E. 46, p. 57].

Ultimately, the Court ordered remand to allow Lincoln the opportunity to receive and review and additional evidence and make a new determination. [D.E. 46, pp. 65-66]. Accordingly, this factor weighs against a fee award.

### B. Capacity to Pay.

The second factor is at best neutral because while Lincoln may be able to pay a fee award, this factor alone cannot support an award. *See, e.g., Yarde v. Pan Am. Life Ins.*, Nos. 94–1167, 94–1312, 67 F.3d 298, at *13 (4th Cir. Sept. 12, 1995) (holding that the "fact that [the defendant] is capable of paying an attorney's fee cannot, by itself, justify such an award"); *accord Carolina Care Plan Inc.*, 467 F.3d at 391; *Quesinberry*, 987 F.2d at 1028-30.

### C. Deterrence.

The third factor does not weigh in favor of Plaintiff because, as discussed in addressing the first *Quesinberry* factor, there is no bad faith or culpable conduct on Lincoln's part to deter.[3] *See Scott v. PNC Bank Corp. & Affiliates Long Term Disability Plan*, No. WDQ–09–3239, 2011 WL 3510999, at *2 (D. Md. Aug. 9, 2011) (explaining the "degree of bad faith by the party against whom fees would be awarded is closely related

---

[3]Again, Plaintiff's conduct, which this Court specifically noted, impeded Lincoln's efforts to conduct a full and fair review. The deterrence factor thus weighs against an award in this sense as well.

9

to the effectiveness of the award of the deterrent") (internal quotations omitted); *see also Jenkins*, 2015 WL 6449296, at *9 (explaining the deterrence factor "weighs against" a fee award where there is no indication that a party "engaged in any conduct worthy of deterrence"); *Cherrywood Ltd P'ship v. Alliance PPO, LLC*, No. CCB-05-2947, 2006 WL 8456822, at *6 (D. Md. Feb. 28, 2006) (concluding the "[q]uestion[ ] of deterrence…[is] intertwined" with the "central issues of culpability and bad faith"); *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 423 (4th Cir. 1993) (concluding that where defendant did not act in bad faith, the deterrence factor weighed against a fee award). As discussed, the Court concluded that Plaintiff "has not forecast evidence of bad faith" or even "clear error." [D.E. 46, p. 65]. Accordingly, this factor weighs against Plaintiff.

### D. Benefit to All Participants/Resolution of Significant Legal Question Regarding ERISA.

Fees are inappropriate under the fourth factor because this case does not resolve a significant ERISA law question, nor does Plaintiff seek to benefit all plan participants and beneficiaries. Rather, it is a routine, individual benefit claim that is solely personal in nature. Plaintiff admits that her "motive in pursuing this case was to secure an award of benefits for herself….Admittedly, she sought to benefit only herself." [D.E. 49, p. 9]. As a result, this factor weighs against a fee award. *See, e.g., Sedlack v. Braswell Serv. Grp., Inc.*, 134 F.3d 219, 227 (4th Cir. 1998) (affirming fee award denial where "the relief sought in this case was of a purely personal nature" because plaintiff "did not seek to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA"); *Yarde*, Nos. 94–1167, 94–1312, 67 F.3d 298, at *13 (affirming fee

award denial where plaintiff's "claim was not designed to benefit anyone other than himself," where the "relief sought was of a purely personal nature," and where plaintiff "never sought to resolve any 'significant legal question' for the benefit of other participants or beneficiaries"); *Rudasill v. WorldWay Corp.*, 55 F.Supp.2d 403, 410 (W.D.N.C. 1999) (refusing to award fees where "[plaintiff's] actions were taken on his behalf alone and did not involve a significant legal interpretation of the ERISA statutory scheme").

### E.      Relative Merits of the Parties' Positions.

The fifth factor does not support a fee award. Plaintiff's contention on this point consists of the conclusory statement, devoid of legal or factual support, that "[e]ven if the Court finds that Lincoln did not act with culpability or in bad faith, the Court should find that the relative merits of the parties' positions favor an award of attorney's fees." [D.E. 49, pp. 9-10]. However, Plaintiff does not address the Court's refusal to award benefits, even though it could have done so.

Moreover, courts in this Circuit are loathe to conclude that this favors a fee award unless the opponent's position is "wholly meritless." *See Tyson Foods v. Macklin*, No. 5:11–CV–00010, 2012 WL 2342931, at \*5 (W.D.N.C June 20, 2012) (declining to award fees upon concluding that "Defendant's position was not wholly meritless"); *see also Cole v. Champion Enters., Inc.*, No. 1:05-cv-00415, 2009 WL 10715056, at \*2 (M.D.N.C. Aug. 13, 2009) (concluding that the position of the fee award opponent was "not so meritless as to support an award of attorneys' fees" even though the party "did not prevail in his claims"); *Costa v. UFCW Nat. Health and Welfare Fund*, No. WMN-09-3291, 2010 WL

11

3789098, at *10 (D. Md. Sept. 24, 2010) (declining to award fees because, while the "merits of [the party opposing a fee award's] arguments are thin, those merits are not non-existent").

Here, the Court did not conclude that Lincoln's position was "wholly meritless." Far from it, the Court agreed with Lincoln's position inasmuch as it expressly rejected Plaintiff's contention that the "evidence…compel[ed] a finding of long-term disability" and declined to reverse the administrator's decision. [D.E. 46, pp. 65-66]. Moreover, the Court highlighted Plaintiff's "fail[ure] to submit evidence to refute Defendant's conclusions," refusal to undergo an IME even though Lincoln "provided Plaintiff with the opportunity to select a medical provider to conduct an IME," and failure to provide additional information to Lincoln and have her physicians respond to Dr. Vincent's report despite "numerous opportunities…to do so." [D.E. 46, pp. 53, 55-56]. Accordingly, the merits do not clearly weigh in Plaintiff's favor.

Therefore, the Court should deny Plaintiff's motion because the balance of all five factors weighs against a fee award.

## V.   PLAINTIFF'S FEE DEMAND IS UNREASONABLE, AND ANY AWARD MUST BE SUBSTANTIALLY REDUCED.

Even assuming Plaintiff was eligible for fees under *Hardt* and entitled to fees under *Quesinberry*, Plaintiff must still prove the reasonableness of the fees sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). If a court concludes that attorney's fees are appropriate, it then considers the reasonableness of the fee request and calculates the

lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. *Robinson v. Equifax Info. Serv., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Twelve factors guide the determination of "what constitutes a 'reasonable' number of hours and rate": the (1) time and labor expended; (2) novelty and difficulty of questions raised; (3) skill required to properly perform legal services rendered; (4) attorney's opportunity costs in pressing litigation; (5) customary fee for like work; (6) attorney's expectations at the litigation's outset; (7) time limitations imposed by the client or circumstances; (8) amount in controversy and results obtained; (9) attorney's experience, reputation and ability; (10) case's undesirability within the legal community in which the suit arose; (11) nature and length of attorney and client's professional relationship; and (12) fees awards in similar cases. *Id.* at 243-44.

Plaintiff seeks recovery of fees billed totaling 182.04 hours charged at a rate of $450 per hour. [D.E. 49-2, pp. 2, 13]. In assessing Plaintiff's fee demand, the Court must ask whether the hours billed by Plaintiff's counsel were reasonable and necessary to achieve the result obtained. *See Hensley*, 461 U.S. at 434 (concluding that "[c]ounsel for the [party seeking fees] should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission"). Moreover, "[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary*." *Id.* (internal citations omitted) (emphasis in original).

13

For the reasons discussed below, the fee requested by Plaintiff's attorney is unreasonable. Accordingly, the Court should reduce the fee award.

### A. Plaintiff's entries contain time associated with pre-suit work.

ERISA only contemplates an attorney's fee award incurred in an "action." 29 U.S.C. § 1132(g)(1). Courts in this circuit have interpreted Section 1132(g)(1) to exclude work performed prior to the commencement of litigation. *See, e.g., Cox v. Reliance Life Ins. Co.*, 179 F.Supp.2d 630, 636 (E.D.Va. 2001) (concluding that billing entries for work preceding the filing of a complaint are not compensable); *Riggle v. Marshall Cnty. Coal Co.*, No. 5:15CV169, 2016 WL 4014705, at *4 (N.D.W.Va. July 26, 2016) (concluding that "attorney's fees are limited to those incurred during litigation in court"). *See also Cann v. Carpenters' Pension Tr. Fund for N. Cal.*, 989 F.2d 313, 315 (9th Cir. 1993) (holding that the word "action" as it is used in Section 1132(g)(1) precludes an award of prelitigation attorneys' fees and "limit[s] the award to fees incurred in litigation in court"). Additionally, fees associated with work that is "unnecessary for the prosecution of litigation" are not compensable. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 178 (4th Cir. 1994). *See Educ. Credit. Mgmt. Corp. v. TKD Auto., Inc.*, No. 1:19-cv-537, 2021 WL 5325624, at *3 (M.D.N.C. Nov. 16, 2021) (excluding entries for work completed before filing suit upon concluding that counsel's "fees associated with…pre-suit work" were not compensable); *Citicorp U.S.A., Inc. v. Edwards*, 118 Fed. App'x 698, 700 (4th Cir. 2004) (affirming denial of "prelitigation fees and expenses").

14

Here, Plaintiff's billing entries include time expended prior to preparing Plaintiff's Complaint:

- 2/17/2022: Review denial letter and forward it to client. (0:12 hours).

- 2/17/2022: E-mail to client to set up conference call. (0:01 hours)

- 2/25/2022: Tc with client about lawsuit. (0:48).

These entries preceding litigation constitute "pre-suit work" requiring exclusion.

### B.     <u>Plaintiff's entries contain non-compensable clerical tasks.</u>

Time expended on administrative or clerical work is not compensable. *See Mullis v. Kijakazi*, No. 3:20-cv-00083, 2021 WL 4391879, at *3-*4 (W.D.N.C. Sept. 24, 2021) (denying fees for clerical tasks which the court concluded were "not compensable"); *see also Thayer v. Saul*, No. 3:19-cv-00279, 2020 WL 4208061, at *2 (W.D.N.C. July 22, 2020) (explaining that a "party may recover fees only for work that is traditionally done by an attorney" and that "[s]ome tasks are clerical, regardless of who…performs them").

Plaintiff's attorney's time entries reflect numerous instances of charges for his performance of clerical tasks:

- 2/17/2022-Review denial letter and forward it to client. (0:12 hours).

- 2/17/2022-E-mail to client to set up conference call. (0:01 hours).

- 3/1/2022-Prepare legal services agreement for litigation. (0:18 hours).

- 3/1/2022-Send legal services agreement to client to sign via DocuSign. (0:06 hours).

- 3/1/2022-Send draft complaint to client. (0:01 hours).

15

- 3/8/2022-Finalize compliant [sic], cover sheet, notice of appearance, and disclosure form for filing. (1:00 hours).

- 3/9/2022-Finalize and file complaint, cover sheet, corporate affiliations form, and notice of appearance form. (0:42 hours).

- 3/9/2022-Send filed complaint and other papers to client. (0:01 hours).

- 3/10/2022-Forward service letter to client. (0:01 hours).

- 4/26/2022-Forward e-mails with opposing counsel to client. (0:01 hours).

- 5/152022-Review responses to settlement offer. (0:06 hours).

- 5/25/2022-E-mail to court clerk to request scheduling order. (0:06 hours).

- 5/31/2022-Finalize and file Rule 26(f) report. (0:30 hours).

- 6/8/2022-Enter dates in system. (0:12 hours).

- 7/15/2022-Attempt to open link to administrative record sent by Lincoln. (0:12 hours).

- 7/22/2022-Open and save resent administrative records. (0:15 hours).

- 9/16/2022-Review and save the court's trial calendar notice. (0:06 hours).

- 9/21/2022-Review and save Zoom invitation for mediation and forward it to Ms. Pifer. (0:06 hours).

- 9/29/2022-Review claim file. (3:30 hours).

- 9/29/2022-Redact claim file. (2:00 hours)[4].

- 9/30/2022-Continue redaction of claim file. (1:48 hours).

- 9/30/2022-Review mediation invoice from Cal Bennett. (0:01 hours).

---

[4] The two entries on 9/29/2022, taken together, strongly suggest that Plaintiff's counsel reviewed the claim file in order to redact it.

16

- 9/30/2022-Send Cal Bennett's letter and invoice to client. (0:01 hours).

- 10/3/2022-Prepare and file notice of intention to file dispositive motion. (0:30 hours).[5]

- 10/6/2022-Work on fact section and hyperlink and compression issues. (4:42 hours).[6]

- 10/14/2022-Add hyperlinks to brief. (1:30 hours).

- 10/14/2022-Continue to add hyperlinks to brief (0:42 hours).

- 10/19/2022-Solve technical issues regarding hyperlinks in brief. (0:45 hours).

- 10/23/2022-Work on summary judgment filing. (4:12 hours).[7]

- 10/24/2022-Finalize filings, work on technical issues related to electronic filing, and file. (6:00 hours).

- 11/16/2022-Finalize and file response to MSJ. (1:00 hours).

- 12/1/2022-Review local rules. (0:06 hours).

---

[5] It is impossible to determine the time spent on clerical activity because this entry is improperly block billed. *See Kinsinger v. SmartCore, LLC*, No. 3:17-cv-00643, 2020 WL 2926476, at *5 (W.D.N.C. June 3, 2020) ("The practice of 'block billing' involves listing multiple tasks within a single time entry. This practice is problematic because it does not provide the district court with a clear sense of how many hours were performed on a particular task because multiple tasks are lopped into a single block of hours") (internal quotations omitted). Block billed entries constitute "grounds for a reduction in hours." *Hooper v. Saul*, No. 3:20-cv-000074, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021). When faced with block billing, courts have reduced fee awards ranging from ten to twenty percent. *See, e.g., Dawson v. McPherson*, No. 1:14CV225, 2014 WL 4748512, at *5 (M.D.N.C. Sept. 23, 2014) (reducing hours for work done by twenty percent); *Triplett v. N.C. Dep't of Public Safety*, No. 5:15-cv-00075, 2017 WL 3840422, at *9 (W.D.N.C. Sept. 1, 2017) (reducing entry containing block billing and clerical tasks by twenty percent).

[6] Same comment as above.

[7] Same comment as above.

- 12/12/2022-Finalize and file reply brief. (1:30 hours).

- 12/12/2022-Forward reply brief by e-mail to client. (1:00 hours).

- 12/26/2022-Respond to e-mail from client on article about Ehlers Danlos Syndrome. (0:01 hours).

- 1/19/2023-Forward motions submitted to Judge Osteen notice to client. (0:01).

- 5/15/2023-Check local rules and rules of civil procedure for pre-trial deadlines. (0:12 hours).

- 5/30/2023-Finalize and file Rule 26(a)(3) disclosures. (0:30 hours).

- 6/12/2023-Review e-mail from the court re the surveillance video. (1:00 hours).

- 6/16/2023-Finalize and file trial brief. (0:42 hours).

- 6/16/2023-Finalize and file proposed findings and conclusion. (0:54 hours).

- 6/16/2023-Send Word versions of proposed findings and conclusion to the court. (0:02 hours).

- 6/20/2023-Review deficiency notice from court. (0:01 hours).

- 8/14/2023-Review Fed. R. Civ. P. 54 and local rules re attorney's fees and costs. (0:24 hours).

- 8/14/2023-Tc to client, left message. (0:01 hours).

- 8/14/2023-E-mail to client with decision. (0:15 hours).

- 8/15/2023-Exchange e-mails with client. (0:02 hours).

- 8/15/2023-E-mail to opp. counsel. (0:01 hours).

- 8/16/2023-Review and respond to e-mail from client. (0:01 hours).

- 8/16/2023-Tc to client, left message (0:01 hours).

- 8/17/2023-Prepare e-mail to client about providers. (0:12 hours).

18

- 8/17/2023-Tc with client. (0:24 hours).

- 8/21/2023-Format time sheet for submission to the court. (1:12 hours).

- 8/23/2023-Exchange e-mails with counsel about providing evidence of appropriate attorney fee rate. (0:30 hours).

- 9/7/2023-Work on fee application. (1:30 hours).

- 9/8/2023-Work on fee application. (3:30 hours).[8]

- 9/11/2023-Exchange e-mails with Kyle Dillard about fee petition. (0:06 hours).

- 9/11/2023-E-mail to client about status of receipt of medical records. (0:01 hours).

- 9/12/2023-Tc with client about declaration. (0:42 hours).

- 9/25/2023-Exchange e-mails with Kyle Dillard about attorney fee motion. (0:06 hours).

- 9/25/2023-Add recent time to time sheet. (0:25 hours).

[D.E. 49-2, pp. 6-13].

Such clerical tasks should have been performed by administrative staff, not an attorney. *See Ramirez v. Liberty Life Assurance Co. of Boston*, No. 3:18-cv-00012, 2019 WL 4199808, at *3 (W.D.N.C. Sept. 4, 2019) (explaining "[e]xamples of clerical tasks include: filing documents with the court…scanning and mailing documents, reviewing files for information, printing pleadings, organizing documents, creating notebooks or files,

---

[8] The 5 hours for "work on fee application" are additional to 9.7 hours for preparing the motion and brief. [D.E. 49-2, p. 8: 9/11/23: Work on 1132(g)(1) brief (3:12 hours); 9/12/23: Work on attorney's fee brief (2:00 hours); 9/23/23: Work on motion and memorandum (2:18 hours); 9/25/23: Work on motion, memorandum and supporting declaration (2:12 hours)]. The logical inference is the 5 hours for "work on fee application" did not involve the substantive legal work of briefing, but instead concerned compilation of the claim for fees, which is an administrative task.

19

assembling binders, emailing documents, and making logistical telephone calls" and concluding that clerical tasks must be omitted from the fee award) (internal quotations omitted); *see also Harris v. L &L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir. 1997) (holding that the lower court did not abuse its discretion by eliminating "hours spent on secretarial tasks from its calculation of the lodestar"). Accordingly, the Court should decline to award Plaintiff any fees for these clerical tasks.

**C.     Plaintiff's time entries include duplicative, redundant, and excessive hours.**

The party seeking fees must "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Design Res., Inc. v. Leather Indus. of Am.*, No. 1:10-cv-157, 2016 WL 5477611, at \*12 (M.D.N.C. Sept. 29, 2016) (quoting *Hensley*, 461 U.S. at 434). "Courts 'adher[e] to the principle that duplicative, excessive, or redundant hours should not be compensated.'" *Id.* at \*13 (quoting *Trimper v. City of Norfolk*, 58 F.3d 68, 76 (4th Cir. 1995)). Courts "should not automatically accept the hours requested by counsel as reasonable and, instead, must review each hour entry for reasonableness, excluding those hours which it finds excessive, redundant, or otherwise unnecessary." *Triplett*, 2017 WL 3840422, at \*3 (internal quotations omitted).

Plaintiff's time entries reveal numerous duplicative, redundant, and excessive hours:

- 3/8/2022-Finalize compliant [sic], cover sheet, notice of appearance, and disclosure form for filing. (1:00 hours).[9]

---

[9] This entry also constitutes a non-compensable clerical task as previously discussed.

- 3/9/2022-Finalize and file complaint, cover sheet, corporate affiliations form, and notice of appearance form. (0:42 hours).[10]

  o These two entries duplicate one another.

- 5/9/2022-Review response to settlement offer from opposing counsel. (0:01 hours).

- 5/15/2022-Review response to settlement offer. (0:06 hours).

  o These two entries duplicate one another.

- 12/12/2022-Forward reply brief by e-mail to client. (1:00 hours).

  o The time spent on this task is excessive.

- 5/15/2023-E-mail to client regarding notice of trial. (0:30 hours).

  o The time spent on this task is excessive.

- 5/19/2023-Respond to client e-mail with information about the total value of the claim. (0:30 hours).

  o The time spent on this task is excessive.

- 6/12/2023-Review e-mail from the court re the surveillance video. (1:00 hours).

  o The time spent on this task is excessive.

[D.E. 49-2, pp. 6-13].

The Court should exclude or discount these entries because they constitute duplicative, redundant, and excessive time entries. *See Beasley v. Sessoms & Rogers, P.A.*,

---

[10] Same comment as above.

No. 5:09-cv-43, 2011 WL 5402883, at *4 (E.D.N.C. Nov. 8, 2011) (reducing hours by fifty percent due to excessive billing).

### D. Plaintiff's time entries contain vague narratives.

The Court should reduce several of Plaintiff's counsel's billing entries because they are vague and fail to adequately describe nature of the work completed. "[V]ague entries that do not disclose the nature or relevance of certain tasks…frustrate any attempt to assess the reasonableness of the time devoted thereto." *Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund v. Four-c-aire, Inc.*, No. 1:16-cv-1613, 2021 WL 837341, at *4 (E.D.Va. Feb. 3, 2021) (concluding that entries for "Review briefs to prepare for meeting to review outline of argument: and for a "generic fee petition conference" provided "insufficient information to assess a task's importance or purpose within the broader litigation").

To meet her burden of showing "hours that should be included in the reasonable fee calculation," a "fee applicant must submit billing records that contain 'sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed.'" *Root v. Robinson*, No. 5:20-CV-00239, 2022 WL 1613011, at *5 (E.D.N.C. Apr. 22, 2022) (quoting *Hensley*, 461 U.S. at 441); *see also Lamonaca v. Tread Corp.*, 157 F.Supp.3d 507, 520 (W.D.Va. Jan. 21, 2016) (explaining that vague entries "preclude the court…from making an adequate assessment of the reasonableness of time expended" and justify "further reduc[tion of] the amount of attorneys' fees awarded"). Courts have reduced hours by percentages ranging from twenty

22

percent to ninety percent due to "excessively vague or inadequate descriptions of tasks in fee petitions." *Gorrell v. Wake Cnty.*, No. 5:21-cv-00129, 2022 WL3222003, at \*12 (E.D.N.C. Aug. 9, 2022) (internal quotations omitted).

Here, many billing entries are so vague that it is difficult to discern the purpose or assess the reasonableness of the time expended:

- 2/25/2022-Tc with client about lawsuit. (0:48 hours).[11]

- 3/1/2022-Tc with client (0:24 hours).

- 9/27/2022-Legal research into "same type of evidence" issue. (0:45 hours).

- 9/27/2022-Tc from mediator Cal Bennett. (0:24 hours).

- 10/7/2022-Tc with client. (0:06 hours).

- 10/7/2022-Tc with Kyle Dillard. (0:06 hours).

- 10/18/2022-Tc with client. (0:18 hours).

- 10/20/2022-Work on brief. (4:30 hours).

- 10/21/2022-Work on brief. (6:42 hours).

- 5/16/2023-Tc to Kyle Dillard, left message. (0:01 hours).

- 6/15/2023-Tc with Rebecca Pifer. (0:24 hours).

- 8/14/2023-Tc to client, left message. (0:01 hours).

- 8/15/2023-Exchange e-mails with client. (0:02 hours).

- 8/15/2023-E-mail to opp. counsel. (0:01 hours).

---

[11] As previously discussed, this entry also constitutes non-compensable pre-litigation work.

23

- 8/16/2023-Review and respond to e-mail from client. (0:01 hours).

- 8/16/2023-Tc to client, left message. (0:01 hours).

- 8/17/2023-Prepare e-mail to client about providers. (0:12 hours).

- 8/17/2023-Tc with client. (0:24 hours).

Plaintiff's attorney's vague entries support an overall reduction of Plaintiff's fee request. *See Ramirez*, 2019 WL 4199808, at *4 (concluding that a "reduction in the fee award is justified where excessively vague time entries," such as "[p]repare documents for mediation on November 13, 2018," "inhibit the Court's reasonableness review"); *see also Hogan v. Cherokee Cnty*, No. 1:18-cv-00096, 2022 WL 526008, at *5 (W.D.N.C. Feb. 22, 2022) (concluding "extremely vague" time entries, including entries for "phone conference: and "ph call cleints [sic] contact" supported an overall reduction of the requested fee).

In summary, counsel's 1.1 hours on pre-suit work and 46.2 hours on clerical work should be excluded entirely. Counsel's 4.9 hours on duplicative, redundant, and excessive tasks, should be reduced by 50%. Finally, counsel's 15.2 hours for vague entries should be reduced by 90%.

### E. This case does not present particularly novel or difficult questions.

Plaintiff offers nothing supporting her position that the issues in this case are novel and difficult other than the size of the claim file (1301 pages) and the fact that Plaintiff included many citations to the record in her summary judgment pleadings. [D.E. 49, p. 12].

24

However, there is nothing especially difficult or novel about this case, which is an individual benefits claim raising standard ERISA questions.

## VI. PLAINTIFF'S DEGREE OF SUCCESS.

Once a court has determined the lodestar figure, it subtracts fees for hours spent on unsuccessful claims related to successful ones and then awards some percentage of the remaining amount, depending on the plaintiff's degree of success. *Robinson*, 560 F.3d at 244 (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008)).

Here, the Court should reduce any fee awarded to reflect Plaintiff's lack of complete success on the merits. Where, as is the case here, "plaintiff[] successfully demonstrated defendants' substantive abuse of discretion, but failed to demonstrate that an award of benefits was the proper remedy," a "reasonable discount is warranted." *Wiwel v. IBM Med. and Dental Benefit Plans for Regular Full-Time and Part-Time Emps.*, No. 5:15-cv-504, 2017 WL 2963444, at \*2 (E.D.N.C. July 11, 2017) (concluding that "where the plaintiff achieve[s] only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained") (internal quotations omitted).

## VII. CONCLUSION

For the reasons herein, Lincoln respectfully requests that the Court deny Plaintiff's motion for an award of attorney's fees or, alternatively, substantially reduce Plaintiff's fee request.

Respectfully submitted this the 17th day of October, 2023.

25

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

/s/ *Vanessa N. Garrido*
Vanessa N. Garrido (N.C.  Bar No. 53470)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919-789-3194
Facsimile: 919-783-9412
Email: vanessa.garrido@ogletree.com

and

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
/s/ *W. Kyle Dillard*
W. Kyle Dillard (S.C. State Bar # 69408) *by*
*Special Appearance*
300 North Main Street, Suite 500
Greenville, SC 29601
Telephone: 864-240-8317
Facsimile: 864-235-8806
kyle.dillard@ogletree.com
*Attorneys for Defendant*

26

**CERTIFICATE OF WORD COUNT**

I certify that Defendant's Memorandum in Opposition to Plaintiff's Motion for an Award of Attorney's Fees and Costs does not exceed 6,250 words, and thereby complies with Local Rule 7.3(d)(1).

Respectfully submitted this the 17th day of October, 2023.

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

/s/  *Vanessa N. Garrido*
Vanessa N. Garrido (N.C.  Bar No. 53470)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919-789-3194
Facsimile: 919-783-9412
Email: vanessa.garrido@ogletree.com

and

/s/  *W. Kyle Dillard*
W. Kyle Dillard (S.C. State Bar # 69408) *by Special Appearance*
300 North Main Street, Suite 500
Greenville, SC 29601
Telephone: 864-240-8317
Facsimile: 864-235-8806
kyle.dillard@ogletree.com
*Attorneys for Defendant*

27

58803512.v1-OGLETREE

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Andrew Whiteman
Whiteman Law Firm
5400 Glenwood Avenue, Suite 225
Raleigh, NC 27612
aow@whiteman-law.com

Respectfully submitted this the 17th day of October, 2023.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/  *Vanessa N. Garrido*
Vanessa N. Garrido (N.C.  Bar No. 53470)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919-789-3194
Facsimile: 919-783-9412
Email: vanessa.garrido@ogletree.com

and

/s/  *W. Kyle Dillard*
W. Kyle Dillard (S.C. State Bar # 69408) *by Special Appearance*
300 North Main Street, Suite 500
Greenville, SC 29601
Telephone: 864-240-8317
Facsimile: 864-235-8806
kyle.dillard@ogletree.com
*Attorneys for Defendant*

28